19345. McCLUSKEY *v.* THE STATE.

ARGUED MAY 15, 1956—DECIDED JUNE 11, 1956.

*Graham Glover*, for plaintiff in error.

*Chastine Parker, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson*, contra.

ALMAND, Justice. Pink McCluskey was indicted in two counts for the murder of James Hammond on February 5, 1955. The first count charged that he did kill and murder Hammond by scalding and burning him with boiling water, steam, and other hot boiling fluids, inflicting mortal wounds from which Hammond died. The second count charged the defendant with maliciously

setting fire to and aiding and abetting in the burning of the dwelling house occupied by Hammond, which produced and caused the death of the deceased. The defendant was tried along with Lordy McCluskey, who was also indicted for the same offense. The jury returned a verdict finding Pink McCluskey guilty, with a recommendation to mercy. He was sentenced to life imprisonment, and thereafter his motion for a new trial upon the general and certain special grounds was denied, and he prosecutes a writ of error to this court, assigning error on that ruling.

Other than the written statement of the defendant, the evidence at the trial of this case was the same as in the case of *McCluskey* v. *State,* ante, this day decided, where the evidence is summarized, and need not be repeated. On the trial of the instant case, the State introduced in evidence a written statement purported to have been signed by the defendant on February 8, 1955, in which he stated that he went to the home of Pearlie Mae Jones and James Hammond on Saturday, February 5, between 10 and 11 o'clock a. m.; that the three stayed around drinking whisky; that between 5 and 6 o'clock p. m., Lordy McCluskey came to the house, when Pearlie Mae Jones got to cussing and calling Hammond all kinds of names; that she ordered all the men out of the house; that Lordy McCluskey walked out on the front porch and James Hammond was seated on a couch, when Pearlie Mae Jones kicked the stove over, and the pipe and burning coals fell on the floor, and the defendant and Lordy McCluskey walked out to the road, and about 5 minutes later they, with Pearlie Mae Jones, caught a taxicab. This statement contained nothing that would incriminate the defendant.

The three special grounds of the motion for a new trial are identical with the corresponding special grounds considered in the Lordy McCluskey case, consisting of assignments of error asserting that the court erred in admitting over objections the statement made by Pearlie Mae Jones on February 5 after the alleged offense was committed, and the written statement made by her on the following day, and the court's charge relating to principals in the first and second degrees. The rulings we made in the Lordy McCluskey case control here; and there being no evidence of a conspiracy between the defendant and Pearlie Mae Jones, the court erred in overruling these special grounds.

■ The evidence in this case did not show beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis that the defendant committed either the act of setting the house on fire or of burning the person of the deceased with hot liquids, as charged in the indictment, and was wholly insufficient to authorize the verdict of the jury on either count of the indictment. The court erred in denying the motion for a new trial.

*Judgment reversed. All the Justices concur.*